UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET B. SEASTROM,<br><br>      Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE ARMY, SAN FRANCISCO DISTRICT, CORPS OF ENGINEERS,<br><br>      Defendant.<br>_____/ | No. C-08-4108 EMC<br><br>**ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT** |

        Plaintiff Janet B. Seastrom has sued the Department of the Army, alleging that it is responsible for a personal injury that she suffered. The Army has moved to dismiss the case, and a hearing on the motion was held on November 26, 2008. At the hearing on the Army's motion, the Court stated that it would give Ms. Seastrom seven days to provide additional legal authority to the Court (as well as opposing counsel), and then give the Army seven days thereafter to provide a response. This order hereby modifies the schedule as described below as the Court is now converting the Army's motion to dismiss into a motion for summary judgment.

**I.    DISCUSSION**

        As the Army argues, Ms. Seastrom's case -- essentially, a slip-and-fall case -- is governed by the Federal Tort Claims Act (FTCA). *See Terbush v. United States*, 516 F.3d 1125, 1135 (9th Cir. 2008) (noting that "the FTCA was created by Congress with the intent 'to compensate individuals harmed by government negligence'"). Under the FTCA, "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years

after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

The Army argues that the above provision is jurisdictional in nature. If so, then no argument of equitable tolling or equitable estoppel may be made. *See Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1095 (9th Cir. 2005) (stating that "a limitation period is not subject to equitable tolling if it is jurisdictional in nature"); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1188 (9th Cir. 2001) (noting that, "[i]f a time limit is jurisdictional, it is not subject to the defenses of waiver, equitable tolling, or equitable estoppel, although there may still be exceptions based on 'unique circumstances,'" whereas, "if a time limit is 'merely an ordinary statute of limitations engrafted upon a separate jurisdictional grant,' it is subject to equitable tolling").

In support of its contention, the Army relies primarily on *Berti v. V.A. Hospital*, 860 F.2d 338 (9th Cir. 1988). There, the Ninth Circuit was dealing with a FTCA case, and it specifically stated that the "requirement for the time of filing the action [as contained in § 2401(b)] is jurisdictional." *Id.* at 340. Implicitly, the court concluded that the statute of limitations is jurisdictional in nature because "[t]he United States, as sovereign, is immune from suit save as it consent to be sued . . . and the terns of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* at 339-40 (internal quotation marks omitted).

However, subsequent to *Berti*, the Supreme Court decided *Irwin v. Department of Veteran Affairs*, 498 U.S. 89 (1990). There, the Supreme Court considered whether Title VII claims against the United States that were not timely filed would be considered jurisdictionally barred. *See id.* While the Court did not "expressly answer[] that question," *Guarino v. Potter*, No. 02-3323 Section "K" (2), 2003 U.S. Dist. LEXIS 19157, at *23 (E.D. La. Oct. 27, 2003), it did reject the appellate court's conclusion that equitable tolling could not save an untimely claim. The Supreme Court acknowledged that "[a] waiver of sovereign immuntiy cannot be implied but must be unequivocally expressed" but stated that,

> [o]nce Congress has made such a waiver, we think that making the rule of equitable tolling applicable to suits against the Government, in the same way it is applicable to private suits, amounts to little, if any,

2

> broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation. We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so.

*Id.* at 95-96 (internal quotation marks omitted).

Based on *Irwin*, the Ninth Circuit has stated that "limitations periods for suing the federal government are not strictly jurisdictional." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 770 (9th Cir. 1997). The presumption is that a filing deadline is subject to equitable tolling or equitable estoppel. *See Socop-Gonzalez*, 272 F.3d 1176, 1188 (9th Cir. 2001) ("We presume that Congress is aware of the doctrine of equitable tolling and that it knows how to create a mandatory and jurisdictional filing requirement 'if it wishes to do so.'"). The presumption of equitable tolling or equitable estoppel may be rebutted by a "showing that there is 'good reason to believe that Congress did *not* want the equitable tolling [or equitable estoppel] doctrine to apply.'" *Id.* (emphasis in original).

In the instant case, the Army makes no effort to show that Congress intended the FTCA statute of limitations to be jurisdictional. It simply relies on *Berti* (as well as some other cases that predate *Irwin*). However, *Berti* is, in essence, no longer good law in the wake of *Irwin* and the Ninth Circuit's subsequent case law interpreting *Irwin*. Indeed, since *Irwin*, the Ninth Circuit has specifically held that the FTCA filing deadline is subject to equitable tolling and equitable estoppel, *see Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (stating that "[e]quitable tolling is available in suits against the United States absent evidence that Congress intended the contrary" and that "[n]othing in the FTCA indicates that Congress intended for equitable tolling not to apply"; therefore, "equitable tolling is available for FTCA claims in the appropriate circumstances"), and therefore, implicitly, the court has held that the filing deadline is not jurisdictional. *See Albillo-De Leon*, 410 F.3d at 1095 (stating that "a limitation period is not subject to equitable tolling if it is jurisdictional in nature"); *cf. Cedars-Sinai*, 125 F.3d at 770 (holding that the six-year statute of limitations in § 2401*(a)* (*i.e.*, instead of § 2401*(b)*, the provision at issue in the case at bar) is not jurisdictional). Notably, in a case decided this year, the Ninth Circuit discussed

3

whether the FTCA statute of limitations should be equitably tolled or estopped, thus implicitly reaffirming that the provision is not jurisdictional.[1] *See generally Hensley v. United States*, 531 F.3d 1052 (9th Cir. 2008).

Because the FTCA statute of limitations is not jurisdictional, equitable tolling is possible, and the proper procedural motion is not a 12(b)(1) motion, but rather a 12(b)(6) or summary judgment motion. Because both parties have provided evidence beyond the pleadings, the Court converts the Army's motion to dismiss into one for summary judgment. *See also Supermail Cargo*, 68 F.3d at 1206 (stating that "[b]ecause the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion'").

Now that the pending motion has been converted into a summary judgment motion, the Court shall give all parties "a reasonable opportunity to present all the material that is pertinent to the motion [for summary judgment]." Fed. R. Civ. P. 12(d). Here, the issue on summary judgment is whether there is a genuine dispute of material fact that equitable estoppel should apply, thus tolling the FTCA statute of limitations.

The Ninth Circuit has explained that

> [t]he elements of equitable estoppel are that (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct. When a party seeks to invoke equitable estoppel against the government, we additionally require a showing that *the agency engaged in affirmative conduct going beyond mere*

---

[1] Not all courts agree that the FTCA provision is not jurisdictional. *See, e.g.*, *T.L. v. United States*, 443 F.3d 956, 961 (8th Cir. 2006) (holding that the FTCA statute of limitations is jurisdictional); *City of Moses Lake v. United States*, 451 F. Supp. 2d 1233, 1247 (E.D. Wash. 2005) (stating that the FTCA statute of limitations is jurisdictional).

But some courts have indicated that, even if a filing deadline is jurisdictional, equitable tolling could still be applied. *See T.L.*, 443 F.3d at 961 (in context of FTCA, stating that "there is no inconsistency between viewing compliance with the statute of limitations as a jurisdictional prerequisite and applying the rule of equitable tolling"); *City of Moses Lake*, 451 F. Supp. 2d at 1247 (in context of FTCA, noting that even though the statute of limitations is jurisdictional, "that does not preclude equitable tolling"); *see also Dillard v. Runyon*, 928 F. Supp. 1316, 1324 (S.D.N.Y. 1996) (in context of Title VII, stating that "[t]here is no principle or theory of which I am aware, or that either party has cited, that makes it impossible for a rule to be both jurisdictional and subject to equitable tolling").

4

> *negligence* and that the public's interest will not suffer undue damage as a result of the application of this doctrine.

*Lehman*, 154 F.3d at 1016-17 (emphasis added; internal quotation marks omitted). "[T]he doctrine of equitable estoppel may still not be invoked against the government in its sovereign capacity unless that conduct can properly be called 'affirmative misconduct;'" "[m]ere neglect of duty is not enough." *Simon v. Califano*, 593 F.2d 121, 123 (9th Cir. 1979). The Ninth Circuit has "previously defined 'affirmative misconduct' to mean a 'deliberate lie' or 'a pattern of false promises.'" *Socop-Gonzalez*, 272 F.2d at 1184; *see also Mukherjee v. INS*, 793 F.2d 1006 (9th Cir. 1986). While affirmative misconduct "does not require that the government intend to mislead a party," *Watkins v. United States Army*, 875 F.2d 699, 707 (9th Cir. 1989), it is clear that "[n]either the failure to inform an individual of his or her legal rights nor the negligent provision of misinformation constitute affirmative misconduct." *Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir. 2000); *see also Socop-Gonzalez*, 272 F.2d at 1184 (noting the same); *United States v. Chung-Shiaing Wang*, 404 F. Supp. 2d 1159, 1163 (N.D. Cal. 2005) (Conti, J.) (stating that "gross negligence and incompetence are not sufficient to support a finding of affirmative misconduct, which requires that the Government 'either intentionally or recklessly mislead[] the claimant'") (quoting *Michigan Express, Inc., v. United States*, 374 F.3d 424, 427 (6th Cir. 2004) (surveying approach of other circuits)).

In the instant case, the critical question on summary judgment is whether there is any genuine dispute of material fact that the Army engaged in affirmative misconduct -- a deliberate lie or a pattern of false promises -- in allegedly misleading Ms. Seastrom into believing she had until July 29 rather than July 25 to file this suit. The Army's position is that it is entitled to summary judgment because the undisputed facts show that it did not engage in such misconduct. *See* Dykstra Reply Decl. ¶ 2 ("Few if any FTCA claims I have handled proceed to federal court and I was not aware of the actual deadlines for proceeding with litigation (date of mailing v. receipt, etc.) except that there was a six month period. I subsequently learned the actual deadline after removal of Claimant Seastrom's lawsuit to federal court. My error was inadvertent and without intent to cause Claimant Seastrom harm."). That denial is corroborated by Mr. Dykstra's letter denying

1 reconsideration of her claim in which he demonstrates early on his misunderstanding of the deadline
2 for filing. *See* Seastrom Decl., Exh. 6.

3 Because Ms. Seastrom is proceeding pro se, the Court provides her with the following
4 guidance regarding summary judgment motions and oppositions to such motions.

5 Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions. It tells
6 a plaintiff what must be done in order to oppose a motion for summary judgment. Generally,
7 summary judgment must be granted when there is no genuine issue of material fact -- that is, if there
8 is no real dispute about any fact that would affect the result of the case, the defendant asking for
9 summary judgment is entitled to judgment as a matter of law, which will end the case. When a
10 defendant, such as the Army here, makes a motion for summary judgment that is properly supported
11 by declarations (or other sworn testimony), the plaintiff, such as Ms. Seastrom here, cannot simply
12 rely on what the complaint says. Instead, the plaintiff must set out specific facts in declarations (or
13 affidavits),[2] depositions, answers to interrogatories, or authenticated documents, as provided in Rule
14 56(e), that contradict the facts shown in the defendant's declarations and documents and show that
15 there is a genuine issue of material fact for trial. *See* Fed. R. Civ. P. 56(c), (e). If the plaintiff does
16 not submit her own evidence in opposition, summary judgment, if appropriate, may be entered
17 against the plaintiff. If summary judgment is granted, the case will be dismissed and there will be no
18 trial.

19 If a plaintiff has a good reason why facts are not available to her at the time required to
20 oppose the motion for summary judgment, a court *may* consider a request to postpone ruling on the
21 motion. To support such a request, the plaintiff must provide the court and opposing counsel with
22 an affidavit or declaration (signed under penalty of perjury) setting forth the reasons the facts are
23 unavailable and indicating how those facts would support her claims. *See* Fed. R. Civ. P. 56(f).

24 In response to the Army's motion, which the Court has now converted to a motion for
25 summary judgment, the Court shall give Ms. Seastrom until December 24, 2008, to file with the

---

[2] "If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt." Fed. R. Civ. P. 56(g).

Court and serve on opposing counsel: (1) additional legal authority to support her equitable estoppel argument and (2) any and all evidence to support her claim of equitable estoppel. As noted above, the critical issue is whether the Army engaged in any affirmative misconduct going beyond mere negligence. The Army shall then have until January 7, 2008, to file a reply and any supporting documentation. The matter shall then be deemed submitted, and the Court shall not accept any further submissions from either party, absent leave of the Court and a showing of good cause.

## II.   CONCLUSION

For the reasons stated above, the Court converts the Army's motion to dismiss into a motion for summary judgment. The parties shall provide supplemental briefing and/or evidence in accordance with the deadlines described in the paragraph above.

IT IS SO ORDERED.

Dated: November 26, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET B. SEASTROM,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF THE ARMY, SAN FRANCISCO DISTRICT, CORPS OF ENGINEERS,<br><br>  Defendant.<br>_____/ | No. C-08-4108 EMC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

JANET B. SEASTROM, *Pro Se*          *ALL OTHER COUNSEL SERVED VIA*
166 Tunstead Avenue #8               *ELECTRONIC FILING ("E-FILING")*
San Anselmo, CA  94960
415/453-7284

Dated:  November 26, 2008          RICHARD W. WIEKING, CLERK


                                   By:  _____/s/_____
                                        Leni Doyle
                                        Deputy Clerk