UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANET B. SEASTROM,

          Plaintiff,

     v.

DEPARTMENT OF THE ARMY, SAN FRANCISCO DISTRICT, CORPS OF ENGINEERS,

          Defendant.
_____/

No. C-08-4108 EMC

**ORDER VACATING ORDER OF NOVEMBER 26, 2008**

**(Docket No. 24)**

      Previously, the Court issued an order converting Defendant the Department of the Army's motion to dismiss into a motion for summary judgment. *See* Docket No. 24 (order, filed on 11/26/2008). In the order, the Court gave Ms. Seastrom an opportunity to show that there is a genuine dispute of material fact that equitable estoppel should apply, thus tolling the FTCA statute of limitations. The Court held that equitable estoppel might be applicable because the Ninth Circuit had previously indicated that the FTCA statute of limitations is not jurisdictional in nature. *See Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (stating that "[e]quitable tolling is available in suits against the United States absent evidence that Congress intended the contrary" and that "[n]othing in the FTCA indicates that Congress intended for equitable tolling not to apply"; therefore, "equitable tolling is available for FTCA claims in the appropriate circumstances").

After the Court issued its order, the Ninth Circuit issued an opinion in *Marley v. United States*, No. 06-36003, slip. op. (9th Cir. Dec. 8, 2008).[1] There, the appellate court specifically overruled *Alvarez-Machain* and concluded that the FTCA statute of limitations *is* jurisdictional in nature such that "equitable doctrines that otherwise could excuse a claimant's untimely filing do *not* apply." *Id.* at 1 (emphasis added). This Court is bound by the rulings of the Ninth Circuit, and therefore, it must **VACATE** its prior order of November 26, 2008.

The Court now rules as follows. Based on the recent Ninth Circuit opinion, the Court holds that the FTCA statute of limitations is jurisdictional in nature, and therefore equitable estoppel -- or any equitable tolling -- is not possible. The Court shall still convert the Army's motion to dismiss into one for summary judgment to give Ms. Seastrom an opportunity to demonstrate that there is a genuine dispute of material fact that her case is not barred by the statute of limitations.

The Court shall give Ms. Seastrom until December 24, 2008, to file with the Court and serve on opposing counsel: (1) additional legal authority to support any argument that her case is not barred by the statute of limitations and (2) any and all evidence to support the same. The Army shall then have until January 7, 2008, to file a reply and any supporting documentation. The matter shall then be deemed submitted, and the Court shall not accept any further submissions from either party, absent leave of the Court and a showing of good cause.

IT IS SO ORDERED.

Dated: December 9, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[1] The Department notified the Court of the decision pursuant to Civil Local Rule 7-3(d).

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET B. SEASTROM, | No. C-08-4108 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| DEPARTMENT OF THE ARMY, SAN FRANCISCO DISTRICT, CORPS OF ENGINEERS, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

JANET B. SEASTROM, *Pro Se*  
166 Tunstead Avenue #8  
San Anselmo, CA  94960  
415/453-7284

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING ("E-FILING")*

Dated: December 9, 2008        RICHARD W. WIEKING, CLERK

By:       /s/       
  Leni Doyle  
  Deputy Clerk