UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET B. SEASTROM,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE ARMY, SAN FRANCISCO DISTRICT, CORPS OF ENGINEERS,<br><br>    Defendant.<br>_____/ | No. C-08-4108 EMC<br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY CASE**<br><br>**(Docket No. 28)** |

    Plaintiff Janet B. Seastrom, proceeding pro se, has sued Defendant Department of the Army under the Federal Tort Claims Act ("FTCA"). Currently pending is Ms. Seastrom's request for this Court to delay ruling on the Army's motion for summary judgment. Taking into account Ms. Seastrom's pro se status, the Court will construe her request as a motion to stay proceedings. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **GRANTS** Ms. Seastrom's motion.

## I.    FACTUAL & PROCEDURAL BACKGROUND

    After Ms. Seastrom initiated this lawsuit, the Army moved to dismiss the case on the grounds, *inter alia*, that her complaint was filed after the expiration of the relevant statute of limitations in 28 U.S.C. § 2401(b). The Army claimed that the expiration of the limitations period deprived the Court of jurisdiction to consider Ms. Seastrom's equitable claims. The Court found that the Ninth Circuit had indicated otherwise, and issued an order on November 26, 2008, converting the Army's motion to a motion for summary judgment.

On December 8, 2008, pursuant to Civil Local Rule 7-3(d), the Army alerted the Court to the Ninth Circuit's recent decision in *Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008), which held that the FTCA statute of limitations in § 2401(b) is jurisdictional, leading the Court to vacate its order of November 26, 2008. On December 23, 2008, the plaintiff-appellant in *Marley* filed a petition for rehearing *en banc*. The Ninth Circuit subsequently ordered a response from the defendant-appellee, which response was filed on February 18, 2008. Based on these circumstances, Ms. Seastrom has asked the Court to stay proceedings in this case pending the resolution of the petition for rehearing *en banc* in *Marley*.

## II.   DISCUSSION

### A.   Legal Standard

Where a party requests a stay of proceedings pending an appeal in a different case, the Court has the discretionary power to grant a stay under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). The stay requested here is not technically pending an appeal, as the Ninth Circuit has already issued a decision in *Marley*. Nevertheless, the *Landis* standard is appropriate here because the Ninth Circuit's decision on appeal has been challenged by petition for *en banc* review.

Under the *Landis* standard, a court ruling on a motion for a stay must weigh the interests of the parties affected by the grant or denial of a stay. The Ninth Circuit has stated that

> [a]mong these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The Ninth Circuit has also stated that a grant of a stay should be contingent on the "likel[ihood that] the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 1111 (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

B.  Judicial Economy

Considerations of judicial economy counsel in favor of a stay. *Marley* addresses the issue of whether the FTCA statute of limitations is jurisdictional in nature. This issue is potentially dispositive in the instant case. If the statute of limitations is jurisdictional, then Ms. Seastrom will not likely survive. If the statute of limitations is not jurisdictional, then Ms. Seastrom can assert equitable tolling or estoppel arguments, thus keeping her suit alive. From a practical standpoint, it makes sense to wait to see whether en banc review will be granted in *Marley* because of the importance of the issue in this case. The Court notes that, although it cannot predict the likelihood that the Ninth Circuit will rehear *Marley*, it is significant that the Ninth Circuit has ordered a response from the defendant-appellee. *See Marley v. United States*, No. 06-36003, Docket No. 40. The request for a response indicates that the Ninth Circuit is giving serious consideration to a rehearing. *See* 9th Cir. R. 35-2.

C.  Hardships to Parties

Balancing the hardships to the parties also weighs in favor of a stay.

With respect to Ms. Seastrom, there is clear hardship if the Court were to deny a stay. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (holding that, without a showing of "hardship or inequity" by the moving party, a "stay may be inappropriate"). As discussed above, if no stay were permitted and this Court were to follow the panel opinion in *Marley*, then Ms. Seastrom's case will likely terminate. This is not a situation where there is simply a delay in receiving damages, which the Ninth Circuit has indicated does not constitute hardship. *See Lockyer*, 398 F.3d at 1110.

As for the Army, it has made no assertion that it would suffer any hardship should a stay, particularly one of limited length, be permitted. The mere "require[ment] to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Id.* at 1112; *see also Dependable Highway*, 498 F.3d at 1066.

///

///

///

3

III. **CONCLUSION**

For the foregoing reasons, Ms. Seastrom's request for a stay is granted. Because the length of time between filing a petition for rehearing en banc and the grant or denial of that petition is not prescribed and is likely to vary, *see* Fed. R. App. P. 35(e)-(f), and because a stay of indefinite duration is disfavored, the Court shall permit only a limited stay. That is, all proceedings in this case shall be stayed until August 19, 2009. On **August 19, 2009, at 3:00 p.m.**, the Court shall hold a status conference to get an update from the parties as to the status of *Marley*. If the *Marley* rehearing is denied before this date, either party may ask the Court to lift the stay. The status conference previously scheduled for April 1, 2009, at 1:30 p.m. is vacated.

This order disposes of Docket No. 28.

IT IS SO ORDERED.

Dated: March 4, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET B. SEASTROM, | No. C-08-4108 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| DEPARTMENT OF THE ARMY, SAN FRANCISCO DISTRICT, CORPS OF ENGINEERS, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

JANET B. SEASTROM, *Pro Se*  
166 Tunstead Avenue #8  
San Anselmo, CA  94960  
415/453-7284  

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING ("E-FILING")*

Dated:  March 4, 2009                RICHARD W. WIEKING, CLERK


By:  _____/s/_____  
Leni Doyle  
Deputy Clerk