UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET B. SEASTROM, | No. C-08-4108 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| DEPARTMENT OF THE ARMY, SAN FRANCISCO DISTRICT, CORPS OF ENGINEERS, | **(Docket No. 5)** |
| Defendant. _____/ | |

Previously, the Court stayed this litigation pending the resolution of the petition for rehearing *en banc* in *Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008). *See* Docket No. 35 (order, filed on 3/4/2009). On June 1, 2009, the petition for rehearing *en banc* in *Marley* was denied. *See* Docket No. 37 (Def.'s St., Ex. A); *see also Marley v. United States*, 567 F.3d 1030 (9th Cir. 2009) (amended opinion). On December 7, 2009, the Supreme Court denied the petition for certiorari in *Marley*. *See* Docket No. 51 (Def.'s Status Report, Ex. A). Accordingly, *Marley* remains good law – *i.e.*, "the statute of limitations in 28 U.S.C. § 2401(b) is jurisdictional and, consequently, . . . equitable doctrines that otherwise could excuse a claimant's untimely filing do not apply." *Id.* at 1032.

Ms. Seastrom has already provided a substantive opposition to the Army's motion for summary judgment.[1] *See* Docket No. 28 (motion, filed on 12/24/2008) (moving for stay of

---

[1] Ms. Seastrom filed this opposition after the Court issued its order taking note of the original *Marley* opinion. *See* Docket No. 27 (order, filed on 12/9/2008).

litigation; also opposing summary judgment on the merits). In addition, the Army has already filed a reply brief. Therefore, the Court may rule on the merits of the Army's motion for summary judgment without the need for further briefing. Having reviewed the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **GRANTS** the motion for summary judgment.

## I.   FACTUAL & PROCEDURAL BACKGROUND

The evidence of record reflects as follows.

Ms. Seastrom claims that, on or about July 11, 2004, "Defendant caused injury to Plaintiff due to willful neglect to repair broken electrical floor-mounted face plate. Plaintiff tripped on broken face plate, sustaining multiple injuries, prolonged convalescence, and aggravation to disability." Not. of Removal, Ex. A (complaint). Some time after this incident, Ms. Seastrom made a claim to the Army seeking damages for the injuries she sustained. *See* Docket No. 18 (Dykstra Reply Decl., Ex. B) (letter, dated 3/23/06, referring to claim made by Ms. Seastrom); *see also* 28 U.S.C. § 2401(b) (providing that "[a] tort claim against the United States shall be forever barred unless it is *presented in writing to the appropriate Federal agency* within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented") (emphasis added). The Army does not appear to argue that the presentation of this claim was untimely or otherwise inadequate.

On March 23, 2006, the Army sent a letter to Ms. Seastrom, denying her claim for relief. *See* Docket No. 18 (Dykstra Reply Decl., Ex. B) (letter, dated 3/23/2006). The Army informed Ms. Seastrom that,

> if you are dissatisfied with the action taken on your claim, you may file suit in an appropriate U.S. District Court not later than six (6) months from the date of mailing this letter, or your remedy will be forever barred. [*See* 28 U.S.C. § 2401(b) (providing that "[a] tort claim against the United States shall be forever barred . . . unless action is brought within six months after the date of mailing . . . of notice of final denial of the claim").] . . . If you desire reconsideration of my denial in lieu of filing suit, you may do so by making the request in writing. The request for reconsideration must be received in this office no later than six (6) months from the date of this letter. [*See* 28 C.F.R. § 14.9(b) (providing that, "[p]rior to the commencement of

2

> 1  suit and prior to the expiration of the 6-month period provided in 28
> U.S.C. § 2401(b), a claimant . . . may file a written request with the
> agency for reconsideration of a final denial of a claim" and that,
> "[u]pon the timely filing of a request for reconsideration the agency
> shall have 6 months from the date of filing in which to make a final
> disposition of the claim").]  Such receipt will automatically toll the
> running of the six (6) months' filing requirement until you are notified
> again in writing of final action on your claim.

Docket No. 18 (Dykstra Reply Decl., Ex. B) (letter, dated 3/23/2006).

On June 16, 2006 – *i.e.*, approximately three months later – Ms. Seastrom's then-attorney made a written request for reconsideration. *See* Docket No. 18 (Dykstra Reply Decl., Ex. B) (letter, dated 6/16/2006). Counsel stated that he "anticipate[d] having an engineer visit the site [where the incident occurred] in July [2006]" after which he would "submit[] further documentation" in support of Ms. Seastrom's claim. Docket No. 18 (Dykstra Reply Decl., Ex. B) (letter, dated 6/16/2006). Because of the request for reconsideration, the statute of limitations – which had approximately three months left – was tolled until either the agency responded or six more months passed (*i.e.*, until December 16, 2006). *See Berti v. V.A. Hosp.*, 860 F.2d 338, 340 (9th Cir. 1988) (noting that "FTCA regulations [*i.e.*, 28 C.F.R. § 14.9(b)] allow a claimant to file a written request with the agency for reconsideration of a final denial of a claim"; adding that "[t]his administrative appeal prevents the agency's denial from becoming a final denial for purposes of 28 U.S.C. § 2401(b) and tolls the six-month limitation period until either the [agency] responds or six more months pass").

According to Ms. Seastrom, the engineer's report was finished in August 2006 and, in November 2006, the report was mailed to the Army. *See* Docket No. 28 (Mot. at 2). By December 16, 2006, the Army had not ruled on Ms. Seastrom's request for reconsideration. Therefore, at that point, Ms. Seastrom was entitled to take the position that there was a final denial of her claim as of December 16, 2006. *See id.*; *see also* 28 C.F.R. § 14.9(b).

On January 25, 2008, more than a year later, the Army finally issued a notice of final denial. *See* Docket No. 8 (Dykstra Decl., Ex. 2) (notice of final denial). Because the reconsideration period had only tolled the statute of limitations, Ms. Seastrom arguably had only three months to file a civil action in federal court. The January 25 letter, however, stated that Ms. Seastrom had an additional six months to file suit. Moreover, the letter incorrectly stated that she had six months from the date

3

of *receipt* of the letter rather than six months from the date of *mailing*. *See* 28 U.S.C. § 2401(b) (providing that "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented"); *Lehman v. United States*, 154 F.3d 1010, 1012 (9th Cir. 1998) (holding that "the six-month statute of limitations provided by section 2401(b) begins to run on the date when the agency mails that written notice"). There is evidence that suggests that the letter may not have been received by Ms. Seastrom's then-attorney until January 29, 2008. *See* Docket No. 8 (Dykstra Decl., Ex. 2) (handwritten note on return receipt).

According to Ms. Seastrom, on July 3, 2008, she made a second written request for reconsideration and that request was not denied until July 20, 2008. *See* Docket No. 28 (Mot. at 1-2). On July 29, 2008, Ms. Seastrom filed suit in small claims court, thus initiating this litigation. *See* Docket No. 1 (complaint).

## II.  DISCUSSION

As indicated above, the Army initially denied Ms. Seastrom's claim on March 23, 2006. *See* Docket No. 18 (Dykstra Reply Decl., Ex. B) (letter, dated 3/23/2006). The parties agree that, upon this initial denial, Ms. Seastrom had either six months to file a civil lawsuit or ask for reconsideration. Almost three months passed before Ms. Seastrom asked for reconsideration. *See* Docket No. 18 (Dykstra Reply Decl., Ex. B) (letter, dated 6/16/2006). Her request for reconsideration tolled the statute of limitations (approximately three months remaining) until the final denial was issued on January 25, 2008. *See* Docket No. 8 (Dykstra Decl., Ex. 2) (notice of final denial). Once the final denial was issued, Ms. Seastrom arguably had slightly over three months or so to initiate suit, *i.e.*, until the beginning of May 2008. Ms. Seastrom, however, did not file suit until July 29, 2008.

Even if Ms. Seastrom had another six months to file suit (instead of three), she would have had to file suit by July 25, 2008. This she did not do – she was late by four days. The fact that the Army incorrectly told Ms. Seastrom that she had to take action based on the date of *receipt* of the notice of final denial to file suit (rather than from the date of *mailing* of the notice of final denial) –

a basis for asserting equitable estoppel were that doctrine available – is immaterial.  Per *Marley*, the statute of limitations is jurisdictional in nature and therefore not subject to equitable tolling.

Ms. Seastrom argues still that her lawsuit is not time barred because, once the Army failed to act upon her request for reconsideration within six months of the request, the statute of limitations became "open ended."  *See* Docket No. 28 (Mot. at 2-3).  In support of this contention, Ms. Seastrom cites 28 U.S.C. § 2675(a).  This statute, however, is of no assistance to Ms. Seastrom.  It provides in relevant part as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, *at the option of the claimant any time thereafter*, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).

As is clear from the above language, the statute simply states that, once an agency fails to act in a timely fashion, then a claimant is entitled to treat that failure to act at any time as a denial.  Section 2675(a), however, has nothing to do with when a claimant must file a lawsuit based on that final denial.  That is governed by 28 U.S.C. § 2401(b).[2]  To the extent Ms. Seastrom tries to argue otherwise, the Court notes that she has cited no authority supporting her interpretation of § 2675(a).  Indeed, what authority there is suggests to the contrary.  *See, e.g.*, *Thomas v Nicholson*, 561 F. Supp. 2d 1, 5 n.3 (D.D.C. 2008) ("Mr. Thomas asserts that the VA failed to issue a final decision within six months of the date his claim was filed, and thus that he should be excused from the two year limitations period [provided for in§ 2401(b)].  The time frame for agency action is wholly unrelated to the two year time bar.  If an agency does not issue a decision on an FTCA claim within six months from the date a claim is filed, then the law deems the failure to act a 'constructive denial'

---

[2] Section 2401(b) provides: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

which permits a plaintiff to file suit in federal court."); *Penn Millers Ins. Co. v. United States*, 472 F. Supp. 2d 705, 721 (E.D.N.C. 2007) ("*Bond* does not stand for the proposition that if the government fails to respond to a request for reconsideration, then the six-month statute of limitations is tolled indefinitely.").

As a final point, the Court notes its agreement with the Army that, even if Ms. Seastrom had filed a timely second written request for reconsideration, *but see* Reply at 4 (claiming that Ms. Seastrom made only one written request for reconsideration), there should be no tolling for that period during which the request was pending. As the Army points out, federal regulations allow a claimant to file only "*a* written request" for reconsideration, 28 C.F.R. § 14.9 (emphasis added) – *i.e.*, a single request, not multiple requests.

Accordingly, the Court concludes that there is no genuine of dispute of material fact that Ms. Seastrom's suit is barred by the statute of limitations and that therefore the Army is entitled to summary judgment.

### III. CONCLUSION

For the foregoing reasons, the Army's motion for summary judgment is granted. The Clerk of the Court is instructed to enter judgment and close the file in this case.

IT IS SO ORDERED.

Dated: December 23, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET B. SEASTROM,<br><br>        Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF THE ARMY, SAN FRANCISCO DISTRICT, CORPS OF ENGINEERS,<br><br>        Defendant.<br>_____/ | No. C-08-4108 EMC<br><br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

JANET B. SEASTROM, *Pro Se*          *ALL OTHER COUNSEL SERVED VIA*
166 Tunstead Avenue #8                 *ELECTRONIC FILING ("E-FILING")*
San Anselmo, CA  94960
415/453-7284

Dated:  December 23, 2009        RICHARD W. WIEKING, CLERK


                                      By:  _____/s/_____
                                             Leni Doyle
                                             Deputy Clerk